Jim Walden (pro hac vice), jwalden@wmhlaw.com
Avni P. Patel (pro hac vice), apatel@wmhlaw.com
Deanna Paul (pro hac vice), dpaul@wmhlaw.com
Walden Macht & Haran LLP
250 Vesey Street
New York, NY 10281
(212) 225-2030

Marc Van Der Hout (SBN 80778), mv@vblaw.com
Johnny Sinodis (SBN 290402), jsin@vblaw.com
Van Der Hout LLP
360 Post Street, Suite 800
San Francisco, CA 94108
(415) 821-8820

Attorneys for Plaintiff Areej Al-Sadhan

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| AREEJ AL-SADHAN, and ABDULRAHMAN AL-SADHAN, an Incompetent, by his Sister and Next Friend AREEJ AL-SADHAN,<br><br>Plaintiffs,<br><br>v.<br><br>X CORP., f/k/a/ TWITTER, INC., KINGDOM OF SAUDI ARABIA, SAUD AL-QAHTANI, AHMAD ABOUAMMO, ALI ALZABARAH, AHMED ALMUTAIRI a/k/a AHMED ALJBREEN, BADER AL-ASAKER, SAUDI ARABIAN CULTURAL MISSION, and JOHN DOES 1-10.<br><br>Defendants. | Case No.: 3:23-cv-02369-EMC<br><br>**SUPPLEMENTAL BRIEF REGARDING SERVICE PURSUANT TO § 1603(a)(3)**<br>Judge: Hon. Edward M. Chen<br>Date Filed: May 16, 2023<br>Trial Date: Not Yet Set |

Plaintiff files this supplemental brief in response to the Court's order, dated March 20, 2024. *See* ECF 66. The Court requested additional information on the steps Plaintiff executed to satisfy 28 U.S.C. § 1608(a)(3), specifically, to effectuate proper service on Defendant Kingdom of Saudi Arabia ("KSA"). In addition to providing clarifying and additional information regarding

service on Defendant KSA, Plaintiff further submits this brief in support of her request that the Clerk of Court mail documents to the Department of State for service on Defendant KSA pursuant to 28 U.S.C. § 1608(a)(4).

1. **Steps Taken To Satisfy 28 U.S.C. § 1608(a)(3)**

Under § 1608(a)(3), a foreign state may be served by means of a mailing that is "addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." 28 U.S.C. § 1608(a)(3). Plaintiff correctly mailed service documents to the Ministry of Foreign Affairs, in Riyadh, and has thereby satisfied the statutory requirements to effectuate service on Defendant KSA.

On August 30, 2023, Plaintiff filed the First Amended Complaint. *See* ECF 42. Plaintiff sent a set of service documents to the Clerk of Court, which included a copy of the Summons, First Amended Complaint, and Notice of Suit, as well as translations of each document into Arabic, the official language of KSA. *See* Exhibits 1 and 2. Plaintiff's summons inadvertently listed Defendant KSA's address as the Saudi Embassy in Washington D.C. However, at Plaintiff's request, on September 18, 2023, the Clerk of the Court dispatched the service package to: "Ministry of Foreign Affairs Central Office, Al Washm Street, An Namudhajiayh, Riyadh 11564 Saudi Arabia." *Id.* On September 28, 2023, FedEx attempted to deliver the service package to the Saudi Ministry of Foreign Affairs, but the package was refused by the recipient. *See* Exhibit 2. The package was returned to Plaintiff thereafter. *Id.*

2. **Plaintiff's Request Pursuant To 28 U.S.C. § 1608(a)(4)**

Pursuant to § 1608(a)(4), if service cannot be made within 30 days under § 1608(a)(3), the Foreign Sovereign Immunities Act permits service to be effected by sending the service package "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the

court to the Secretary of State in Washington, District of Columbia," for transmittal "through diplomatic channels to the foreign state." § 1608(a)(4).  Here, given that the recipient refused service in October, Plaintiff is well within the purview of § 1608(a)(4).  As such, on March 14, 2024, Plaintiff requested that the Clerk of Court mail documents to the Department of State for service on Defendant KSA pursuant to 28 U.S.C. § 1608(a)(4).[1]  See ECF 65.

Plaintiff has provided the Court with documentary evidence that the service package was, in fact, mailed directly to the foreign minister's office in Riyadh, Saudi Arabia, as provided for under the applicable statute.  Based on the foregoing, Plaintiff asks the Court to take notice that service was proper under § 1608(a)(3) and, pursuant to § 1608(a)(4), allow the Clerk of Court to send Plaintiff's summons and complaint to the Department of State.  Alternatively, if the Court concludes Plaintiff must obtain a new summons that includes the address of the Ministry of Foreign Affairs in Riyadh, Plaintiff requests leave to file a proposed summons and re-serve Defendant KSA pursuant to § 1608(a)(3).

---

[1] On December 20, 2023, a new summons was issued for Defendant KSA, which amended the response time from 30 to 60 days.  See ECF 60.  Given that Defendant KSA had already refused service at its Ministry of Foreign Affairs in Riyadh, Plaintiff proceeded pursuant to § 1608(a)(4). This updated summons was included in the package of documents received by the Clerk of Court for mailing to the State Department.

Dated: April 26, 2024

                    WALDEN MACHT & HARAN LLP

                    By: _____

                    Jim Walden
                    Avni P. Patel
                    Deanna Paul
                    250 Vesey Street, 27th Floor
                    New York, NY 10281
                    (212) 335-2030

                    VAN DER HOUT LLP

                    By: _____

                    Marc Van Der Hout
                    Johnny Sinodis
                    360 Post Street, Suite 800
                    San Francisco, CA 94108

                    (415) 981-3000

                    *Attorneys for Plaintiffs*

*Al-Sadhan, et. al. v. Twitter, Inc. et. al.*, No. 3:23-cv-02369-EMC
PLAINTIFFS' MOTION FOR SERVICE BY ALTERNATIVE MEANS
4