UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AREEJ AL-SADHAN, et al., <br><br>    Plaintiffs, <br><br>v. <br><br>TWITTER INC., et al., <br><br>    Defendants. | Case No. 23-cv-02369-EMC <br><br> **ORDER RE PLAINTIFFS SERVICE ON THE KINGDOM OF SAUDI ARABIA** <br><br> Docket No. 67 |

In this case, Plaintiffs have sued several Defendants including the Kingdom of Saudi Arabia ("KSA"). However, Plaintiffs have thus far been unable to serve the KSA with the summons and complaint for this case. Plaintiffs have asked the Clerk of Court to mail Plaintiffs' summons and complaint for the KSA to the U.S. Department of State pursuant to 28 U.S.C. § 1608(a)(4).

Service is made on a foreign state under section 1608 in one of four ways:

    (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or

    (2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or

    (3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or

    (4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official

language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services—and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

§ 1608(a)(1)-(4).

Before the Clerk of Court may send Plaintiffs' summons and complaint to the U.S. Department of State, Plaintiff must demonstrate that they have satisfied sections 1608(a)(1)-(3). With respect to sections 1608(a)(1)-(2), there is no "special arrangement for service between the plaintiff and the [KSA]," § 1608(a)(1), and there is no "applicable international convention on service of judicial documents" for the KSA, § 1608(a)(2). *See Fairview Health Services v. Armed Forces Office of Royal Embassy of Saudi Arabia*, 21-CV-2666 2022 WL 1115453, at *2 (D. Minn. April 14, 2022) ("Plaintiff cannot effect service on [Saudi Arabia] under § 1608(a)(1) or § 1608(a)(2). Plaintiff has no special arrangement for service with the Kingdom of Saudi Arabia. Nor is there an applicable international convention signed by both the United States and the Kingdom of Saudi Arabia that governs service of judicial documents.").

Plaintiffs have not demonstrated that they have fulfilled § 1608(a)(3). Plaintiffs filed with the Court proof that they attempted to send a "copy of the summons and complaint and a notice of suit" "to the ministry of foreign affairs of the foreign state concerned," Riyadh, Saudi Arabia, *see* Docket No. 67, but the summons listed the wrong address. Plaintiffs must obtain a new summons that includes the address of the Ministry of Foreign Affairs in Riyadh, Saudi Arabia and attempt to re-serve Defendant KSA pursuant to section 1608(a)(3) before proceeding under subsection (4).

**IT IS SO ORDERED**.

Dated: May 15, 2024

_____
EDWARD M. CHEN
United States District Judge

2